## CORREA ET AL. *v.* CORREA ET AL.

## APPEAL from the District Court of Arecibo.

### No. 719.—Decided March 8, 1912.

NULLITY OF DESIGNATION OF HEIRS—NATURAL GRANDCHILDREN—ACTS OF ACKNOWLEDGMENT.—An action for the nullity of a designation of heirs brought by an acknowledged natural child of one of the children of the ancestor of the defendant succession in which no specific allegation is made of the act of acknowledgment of said plaintiff is insufficient, for it is not enough, as has been done in the case at bar, to insert a clause of the will of said ancestor relating to the legacy left to the plaintiff, for the acknowledgment is a personal act which devolves upon the father or mother as the case may be or upon both jointly or by virtue of a judgment rendered in a corresponding action.

NATURAL CHILDREN—RIGHT OF SUCCESSION—LAW GOVERNING.—It is a well-established principle that the laws in force at the time of the death of the ancestor should govern the rights of the heirs.

ID.—RIGHT OF REPRESENTATION—FATHER OF PUTATIVE FATHER.—According to the laws in force on August 13, 1879, an acknowledged natural child was not entitled to inherit as the representative of his putative father from his paternal grandfather and, therefore, the father of the plaintiffs in this action was not an heir-at-law of the ancestor of the defendant succession and plaintiffs have no cause of action entitling them to ask for the nullity of the will attacked in the complaint.

ID.—RIGHT OF SUCCESSION—RIGHTS OF REPRESENTATION—CIVIL CODE.—Under the provisions of the Spanish Civil Code which was in force in Porto Rico in 1890, an acknowledged natural child had no right to inherit as representative of his putative father from his paternal grandfather.

LEGACY—LEGATEE—RIGHTS OF LEGATEE.—A complaint claiming a legacy but failing to state the date of the death of the testator is insufficient, for it is necessary to state said date in order to ascertain whether the legatee survived the testator so as to know whether or not he acquired the legacy and transmitted it to his heirs, the burden of proof to show that the legatee survived the testator falling upon those who claimed the legacy as survivors to the rights of the legatee.

The facts are stated in the opinion.

*Messrs. José G. Torres* and *Augusto Malaret* for appellants.

*Mr. Félix Santoni* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This case, which was decided on the pleadings, involves the nullity of an institution of heirs.

Angelina María and Teresa María de Jesús Correa and Monserrate Dávila, widow of Correa, brought an action in the District Court of Arecibo against the Estate of Felipe Correa and Micaela Fuentes, praying the court to declare null and void the institution of heirs made in the will jointly executed by Pelipe Correa and his wife, Micaela Fuentes, in 1878; also to declare null the partition made by the heirs of said spouses as well as the record thereof in the registry of property, and likewise to decree a new partition and the payment to plaintiffs of a bequest of 1,000 *pesos* made in said will.

In support of their claims plaintiffs alleged the following facts:

1. That plaintiffs, as has been declared by the district court, are the sole and universal heirs of Vicente Correa y Portalatin as his daughters and widow respectively;

2. That the defendant heirs consist of (naming them);

3. That Felipe Correa y Molina, late husband of Micaela Fuentes y Zayas, died in Arecibo on August 13, 1879, under a will jointly executed with his wife, the thirteenth clause whereof reads as follows: "The testators designate as their sole and universal heirs to all their properties, rights and claims, their five children, Gabriel, Magdalena, Rosa, José Nicolás, and Rita Correa, as well as Micaela Batistini y Correa, by right of representation of her deceased mother, Josefa Correa, to have and to hold, without any restriction whatever, with the blessings of God and of the testators."

4. That clause eight of said will reads as follows: "They

bequeath to Vicente Correa, natural son of their deceased son Carlos, the sum of 1,000 *pesos.*''

5. That said Carlos Correa y Fuentes was the legitimate son of Felipe Correa y Molina and his wife, Micaela Fuentes y Zayas, who died unmarried before his father, leaving two acknowledged natural sons, Manuel and Vicente; that upon the death of Manuel without descendants or ascendants Vicente became the sole heir of Carlos Correa and, consequently, the heir also of the said Felipe Correa and Micaela Fuentes by right of representation.

6. That upon the death of Felipe Correa y Molina his widow, Micaela Fuentes, together with her children, Gabriel, Magdalena, Rosa, José Nicolás, and Rita Correa y Fuentes, and her granddaughter, Micaela Batistini y Correa, made a distribution of his estate, cutting out entirely Vicente Correa, legal heir of his father, Carlos Correa y Fuentes, by right of representation, from his legitimate share of the estate, nor was he paid the legacy of 1,000 *pesos* which had been left to him in the will.

7. That some time afterwards, on August 15, 1890, at which time the Spanish Civil Code was in force in Porto Rico, Micaela Fuentes died in Arecibo leaving as her will that which she and her husband had made jointly. In this second distribution of the estate Vicente Correa again failed to get the legitimate share to which he was entitled by right of representation of his father, Carlos Correa, nor was he paid the legacy of 1,000 *pesos* left him.

8. That forming part of the estate there were several properties of which the following are in the possession of the heirs: (Full description thereof follows.)

The defendants demurred to the complaint in that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and ordered its decision to be entered on the record as its judgment. It is from this judgment that this appeal has been taken.

From a general examination of the appeal it appears that

although plaintiffs base their claim as the heirs of Vicente Correa, the natural and acknowledged son of Carlos Correa y Fuentes, the acts constituting the acknowledgment of said Vicente as the son of Carlos have not been specifically alleged. It does not suffice to insert in the complaint the clause of the will relating to the legacy, for the acknowledgment is an act of a preeminently personal nature, the performance of which necessarily devolves upon either the father or the mother, as the case may be, or upon both, or is performed by virtue of the decision of a court in an action brought for that purpose.

There also arises another question which without doubt is the most essential and important one in this case, namely, whether or not a natural acknowledged child is an heir by force of law, in representation of his father, to the estate of his grandparents, who are the legitimate parents of his natural father.

In order to study this question properly, it is first necessary to fix the dates when the grandparents died, since it is a well-known principle that the rights of heirs should be governed by the law or laws in force at such time.

The grandfather, Felipe Correa, died on August 13, 1879, and the grandmother, Micaela Fuentes, on August 15, 1890. The laws in force prior to the Spanish Civil Code are applicable to the former, and the Spanish Civil Code to the latter.

The sixth of the Laws of Toro, published in 1505, equivalent to the First Law of Title 8, book 5, of the *Recopilación,* and to the first of Title 20, book 10, of the *Novísma,* establishes and fixes the rights of the legitimate ascendants to succeed their descendants, and *vice versa.* It is clear that its provisions have reference to legitimate relatives.

The ninth and tenth of said laws give the cases when bastard and illegitimate children may inherit from their mothers *ex testamento* and *ab intestato* and when they may not, and also what portion of the estate the fathers may leave to their illegitimate and natural children.

The law of May 16, 1835, improved the condition of natural children, but only with respect to the father or mother who has acknowledged them.

Appellants have not cited to us, nor have we ourselves been able to find in the laws in force prior to the Spanish Civil Code, a single provision or precedent giving the acknowledged natural child, by his right of representation of his natural father, the capacity to inherit from his natural father's legitimate father. And this being the case, the conclusion necessarily follows that the father of plaintiffs herein was not an heir by force of law to the estate of Felipe Correa, and therefore that the plaintiffs have no right to make the request that the will under which Felipe Correa died on August 13, 1879, be declared null and void.

Let us examine the question in the light of the Spanish Civil Code promulgated in Porto Rico by Royal Decree of July 31, 1889, so as to fix the rights the plaintiffs may have to the estate of Micaela Fuentes, who died on August 15, 1890.

Article 931 of the Spanish Civil Code provides that legitimate children and their descendants succeed to the estate of their parents and other ascendants without distinction of sex or age, even though they spring from different marriages.

And article 943 of the same Code provides that natural and legitimized children are not entitled to succeed *ab intestate* to the estate of the legitimate children and relatives of the father or mother who has acknowledged them; nor can such children and relatives succeed to the estate of the natural or ligitimized children.

A study of these and other articles of the Code fixing the rights of natural children leads us to the conclusion that although the condition of such children continued improving, the fundamental idea that their right to succeed to the estate of their ascendants did not extend beyond the parent who had acknowledged them continued to influence the mind of the Spanish legislator.

Manresa, in volume 7 of his Commentaries on the Civil Code, pages 44 and following, sustains the opinion that the descendants referred to in article 931 are the legitimate ones, and that article 943 absolutely denies to the natural and legitimized child, both in his own right and by his right of representation, the right to succeed *ab intestato* to the estate of legitimate children and relatives (grandparents included) of the father or mother having acknowledged him. And then, commenting on article 945 of the same Code, he says:

"It appears from the foregoing article that the natural child is related only to the father or mother who acknowledged him; and under article 945, by virtue of such acknowledgment, the child is also related to other natural children for the purpose of succeeding to their estate. His only ascendants are his father or mother; nor has he collateral relatives coming from the ascending line; even the brothers and sisters of his father and their descendants are strangers to him. Still he may raise a legitimate family of which he will be the trunk, and from which alone he would have descendants."

Scaevola, commenting on articles 939 to 942 of the Code, volume 16, page 396, says:

"Nor can the oft-repeated, and in our judgment mistaken, argument that the natural child can not succeed to the estate of the legitimate ascendants of the father or mother who has acknowledged him be adduced in opposition. In the first place, because, as we will have occasion to see when commenting upon the following article (943), this prohibition which still obtains in France by reason of article 756 of the *Code Napoleón,* and in Italy by article 748, can not prevail in Spain; and in the second place, because the natural descendant of the legitimate child is a natural grandson of the latter's grandfather, both being, reciprocally, natural grandfather and natural grandson; hence, there is not a case where a legitimate relative succeeds to the estate of an illegitimate one, and *vice versa.*"

And further on, when declaring that the definition of the word "relatives" given in Escriche's Dictionary of Law and Jurisprudence is inapplicable to the case, he construes article 943 to mean that the parents therein mentioned are only the collateral ones.

The two great Spanish commentators of the Civil Code, as we see, hold conflicting opinions upon this point. We have made a careful study of the arguments advanced by them and, in our judgment, those of Manresa are more in harmony with the spirit of the Civil Code when regulating the course of succession, and with the historical precedents touching upon this question. The opinion sustained by Scaevola would be an innovation, and innovations introduced in the laws must be perfectly clear.

Moreover, this point has been passed upon by the Supreme Court of Spain in one of its decisions which, although inapplicable to Porto Rico because it was published when the Spanish Civil Code was no longer in force, has for us the full weight of the reasonings therein given.

We refer to the decision of February 13, 1903, laying down the following doctrine:

"The natural son whose deceased father was a legitimate son is not entitled to succeed to the estate of his grandfather, even though the latter is not survived by legitimate descendants, which appears perfectly evident not only because, under article 943 of the Civil Code, a natural child has no right to succeed *ab intestato* to the estate of the legitimate children and relatives of the parent who has acknowledged him, and for the same reason to the estate of the grandfather, and because the course of succession established in articles 939–944 for natural children and their descendants does not include the natural grandson born of a legitimate father, but having particularly in mind its direct application to this case, because, as under articles 932–33, a child succeeds to the estate of his father by his own right and a grandchild inherits from his grandfather by his right of representation, the right of grandchildren to inherit from their grandparents, under the secular doctrine admitted in our Code as the basis of the course of succession established by it, apply only to the legitimate grandchildren and their descendants, when the trunk of the direct descending line is a legitimate child, a doctrine which is particularly upheld in article 931, in which it is inferred that the descendants entitled to succeed by such line should be the legitimate children born of matrimony."

And this Supreme Court of Porto Rico, in *Ex parte Smith et al.,* 14 P. R. R., 643, outlined its opinion on the subject when making the following statement:

"It is not strange that learned commentators on the Spanish Civil Code are of the opinion, with relation to article 931 thereof, that the descendants to whom said article refers are the legitimate ones and no others, for, as we have stated, that article and section 905 of our Code are inspired by different principles. The construction of such commentators may be good, as we hold to be good that given to section 905 of our Code, which is not a reproduction of article 931 of the Spanish Civil Code. If it were we might, perhaps, accept the opinion of those commentators."

In view of the foregoing statements the conclusion necessarily follows that the provisions of the Spanish Civil Code, too, are adverse to the claims made by the plaintiffs, and that said plaintiffs do not have a cause of action upon which to base their request for a decree declaring the will of Micaela Fuentes null and void.

Let us now examine the last of the questions involved in this case, namely, whether or not the complaint alleges facts sufficient to sustain the claim of plaintiffs to the legacy of 1,000 *pesos.*

We are of the opinion that it does not, because it has failed to give us the date when Vicente Correa died, which should be known by us that we may ascertain whether or not Vicente Correa survived Felipe Correa and Micaela Fuentes and, consequently, whether or not Vicente Correa acquired the legacy and transferred it to his daughters, the plaintiffs herein.

"The extinction of the legacy by the legatee occurs in the following instances: 1. When the testator survives the legatee (Law 35, title 9, *partida* 6), but it should be borne in mind that the burden of proof to show that the legatee survived the testator falls upon those claiming the legacy as successors to the rights of the legatee." Escriche 859.

"A legatee acquires a right to the pure and simple legacies from the death of the testator and transmits it to his heirs." Article 881 of the Spanish Civil Code.

By virtue of the foregoing statements this appeal should be dismissed and the judgment appealed from affirmed, leaving the plaintiffs at liberty to file a new suit claiming the legacy.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and Aldrey concurred.